UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| LARRY MOORE, ) | |
| ) | Case Nos. 1:17-cr-109; 1:22-cv-217 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Floyd Davis's motion to vacate, set aside, or correct his sentence pursuant to 22 U.S.C. § 2255. (Doc. 56 in Case No. 1:17-cr-109; Doc. 1 in Case No. 1:22-cv-217.) For the following reasons, the Court will **DENY** Petitioner's motion.

On November 1, 2017, Petitioner and the Government filed an amended plea agreement, in which Petitioner agreed to plead guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 20 in Case No. 1:17-cr-109.) On March 7, 2018, United States District Judge Curtis L. Collier sentenced Petitioner to twenty-one months' imprisonment. (Docs. 29, 30 in Case No. 1:17-cr-109.) Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for the Sixth Circuit.

On August 23, 2022, Petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 56 in Case No. 1:17-cr-109; Doc. 1 in Case No. 1:22-cv-217). In his motion, he argues that his conviction must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He also argues that his guilty plea was not knowingly and voluntarily made because, under *Rehaif*, the Court did not

advise him of all of the elements the Government would have to prove at trial to obtain a conviction.

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's motion is based on his claim that *Rehaif* voids his 18 U.S.C. § 922(g) conviction. (*See* Doc. 56 in Case No. 1:17-cr-109; Doc. 1 in Case No. 1:22-cv-217.) Thus, the statute of limitations in § 2255(f) runs from the latest of "the date when the judgment of conviction becomes final" or "the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). Because Petitioner did not appeal, his conviction became final on March 21, 2018, fourteen days after the Court entered judgment. (*See* Docs. 29, 30 in No. 1:17-cr-109 (judgment entered on March 7, 2018)); Fed. R. App. P. 4(b)(1)(A)(ii); *Sanchez-Castellano v. United States*, 358 F.3d 424, 425–26 (6th Cir. 2004). Petitioner did not file the instant § 2255 motion until more than four years after his judgment became final. As a result, his motion is not timely under 28 U.S.C. § 2255(f)(1). Petitioner's motion is also untimely under 28 U.S.C. § 2255(f)(3). Even if *Rehaif*

2

Case 1:22-cv-00217-TRM   Document 4   Filed 12/07/22   Page 2 of 3   PageID #: 15

applies retroactively to cases on collateral review, Petitioner's motion is not timely under § 2255(f)(3), because *Rehaif* was decided on June 21, 2019, and Petitioner filed his motion on August 23, 2022, more than three years later.

Accordingly, for the reasons stated herein, Petitioner' § 2255 motion (Doc. 56 in Case No. 1:17-cr-109; Doc. 1 in Case No. 1:22-cv-217) is **DENIED**.  Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**.  *See* Fed. R. App. P. 24.

**AN APPOPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**
